**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MIRCA BENITEZ CACERES,** ***on Behalf of Israel David Caceres*****,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**DEPARTMENT OF DEVELOPMENTAL SERVICES,**<br><br>**Respondent.** | **CIVIL ACTION NO. 26-40159-DHH** |

**ORDER OF REASSIGNMENT AND RECOMMENDATION OF DISMISSAL**

**October 13, 2026**

**Hennessy, M.J.**

On June 18, 2026, Mirca Benitez Caceres ("Caceres") who is not represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254") on behalf of her adult son Israel David Caceres, who subject to a guardianship order of the Middlesex Probate and Family Court. For the reasons set forth below, the Court will order that his action be reassigned to a District Judge and recommend to the District Judge that the petition be dismissed.

I. Order for Reassignment to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. However, absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. See 28 U.S.C. § 636(b)(1)(A).

This action was drawn to the undersigned Magistrate Judge under the above-described protocol. As set forth below, the Court concludes that this action is subject to dismissal without

prejudice. Because all the parties have not consented to the final assignment of this case to a Magistrate Judge, the Court orders that this action be reassigned to a District Judge.

## II. Review of the Petition

Under the Rules Governing Section 2254 Cases, before ordering that a § 2254 petition be served, the presiding judge must "examine" the pleading, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases, R. 4. Having so reviewed the petition, the Court concludes that Caceres has not stated a basis for habeas relief for her son.

According to Caceres, the "guardianship has Decree of Dismissal (Nov. 23, 2021)" and "DDS refuses to hand it over." (ECF No. at 2). Caceres states, "We call upon the Department of Developmental Services [to] comply with the honorable Judge, Thomas J. Barbar, order on November 23, 2021 and release our son today."[1] Id. at 4.

## III. 28 U.S.C. § 2254 in the Guardianship Context

Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or treaties of the United States." 28 U.S.C. § 2254 (emphasis added).

---

[1] The exhibits to the petition do not show that the "Decree of Dismissal" to which Caceres refers nullified the guardianship order. Caceres filed with the petition a one-page "Decree of Dismissal" from the action In re Israel Caceres, Case No. 16-16P6082, in the Middlesex Family and Probate Court. (ECF 1-1 at 2) [sic]. The Decree indicates that it concerns a petition filed in that action on November 22, 2021. Id. The Decree is signed by Judge Barbar and is dated November 23, 2021. Id. The number "129" is hand-written in the lower right-hand corner of the document. Id. The docket sheet of that case, which Caceres submitted with the § 2254 petition, indicates that entry 129 was the denial of a "General Petition," filed the previous day, not an order vacating or dismissing the guardianship. Id. at 13.

"It is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody." See Hemon v. Office of Public Guardian, 878 F.3d 13, 15 (1st Cir. 1989) (citing Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502 (1982)). The Supreme Court has held that the federal habeas corpus statue, 28 U.S.C. § 2254, does not confer federal jurisdiction to consider a collateral attack on a state court judgment involuntarily terminating parental rights. See id. at 14 (citing Lehman, 458 U.S. at 502). The Court's refusal to allow a party to use federal habeas relief to challenge child custody determinations is grounded largely in federalism with the Court stating: "[t]he federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns." Id. (citing Lehman, 458 U.S. at 515-16); see also Sylvander v. New England Home for Little Wanderers, 584 F.2d 1103 (1st Cir. 1978) (holding that the federal interest in child custody hearings is not sufficient to trigger a federal habeas remedy on behalf of the mother). The First Circuit has also reasoned that, in the child custody context, the rights asserted by an aggrieved parent are only speculatively the rights of the person who is actually "in custody." See id. at 15 (citing Sylvander, 584 F.2d at 1111-12).

In Hemon, the First Circuit extended the logic of Lehman and Sylvander to the guardianship context: "the same concerns about federalism and finality that counsel against federal habeas jurisdiction over child custody disputes also counsel against federal habeas jurisdiction regarding guardianship." Id. (collecting cases). In doing so, Hemon reasoned that "[d]isputes regarding guardianship are no less matters of purely local concern than are child custody disputes. Accordingly, the federal interest in guardianship matters is no more substantial

than the very weak federal interest in child custody matters found insufficient in Lehman and Sylvander to justify federal habeas jurisdiction." Id. (citing Brown v. Brown, 541 F. Supp. 688, 693 (N.D. Ind. 1982)).

Thus, the Court lacks jurisdiction to adjudicate Caceres' petition.

## IV. Conclusion

In accordance with the foregoing:

1. The Clerk shall reassign this case to a District Judge.

3. The Court RECOMMENDS to the District Judge that the petition be DENIED for lack of jurisdiction and that the action be DISMISSED.[2]

So ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. See, e.g., M. v. Falmouth Sch. Dep't, 847 F.3d 19, 26 (1st Cir. 2017); Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988).